# EXHIBIT A

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/7/2018 8:38 AM
Reviewed By: R. Walker
Case #17CV317775
Envelope: 1805945**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| LARRY WALLACE, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>WELLS FARGO & CO. and WELLS FARGO BANK, N.A.,<br><br>        Defendants. | Case No. 2017-1-CV-317775<br><br>**ORDER RE: MOTION TO COMPEL ARBITRATION AND STAY LITIGATION** |

The above-entitled matter came on regularly for hearing on Friday, August 3, 2018, at 9:00 a.m. in Department 5 (Complex Civil Litigation), the Honorable Thomas E. Kuhnle presiding. Having reviewed and considered the written submissions of all parties, and having listened carefully to arguments of counsel, the Court rules as follows:

I.  **INTRODUCTION**

This is a putative class action. According to the allegations of the Complaint, filed on October 19, 2017, defendant Wells Fargo Bank, N.A. ("Wells Fargo") promises its customers who do not opt into Wells Fargo's Overdraft Service that it will not authorize or charge overdraft fees on non-recurring debit card transactions. (Complaint, ¶ 1.) However, Wells Fargo authorizes and charges overdraft fees on Uber and Lyft and other one-time transactions that it knows or should know are not recurring. (*Ibid.*)

The Complaint sets forth the following causes of action: (1) Declaratory Relief for Permanent Injunction; (2) Breach of Contract; (3) Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750; (4) Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; and (5) Fraud Pursuant to California Code of Civil Procedure Section 1281.2. Defendants Wells Fargo and Wells Fargo & Co. (collectively, "Defendants") now move to compel arbitration and stay the action.

## II.   REQUEST FOR JUDICIAL NOTICE

Defendants request judicial notice of the Senate Floor Analysis of Senate Bill No. 33 (2017-2018 Regular Session), prepared by the Senate Rules Committee's Office of Floor Analyses on September 5, 2017. The Court can take judicial notice of a Senate Bill analysis. (See *People v. Nelson* (2011) 200 Cal.App.4th 1083, 1095, fn. 6.) Accordingly, Defendants' request for judicial notice is GRANTED.

## III.   DISCUSSION

Defendants argue they have a valid arbitration agreement with Plaintiff and the agreement provides that the arbitrator will decide issues of arbitrability. Plaintiff does not dispute there is an arbitration agreement. Plaintiff argues, however, that the Court should decide the issue of arbitrability.

The subject agreement states "disputes" between the parties will be resolved by binding arbitration. (See Declaration of Marcus O'Sullivan in Support of Motion to Compel Arbitration and Stay Litigation, Ex. B ("Arbitration Agreement"), p. 3.) The Arbitration Agreement asserts a "dispute" is any unresolved disagreement between the parties and may include a disagreement about the Arbitration Agreement's meaning, application, or enforcement. (*Ibid.*)

Plaintiff argues the purported delegation of questions of arbitrability to the arbitrator is insufficient because the delegation is not "clear and unmistakable." An appellate court has explained:

> As a general matter, where one contractual provision indicates that the enforceability of an arbitration provision is to be decided by the arbitrator, but another provision indicates that the *court* might also find provisions in the contract unenforceable, there is no clear and unmistakable delegation of authority to the arbitrator.

1 . . .

> Even broad arbitration clauses that *expressly* delegate the enforceability decision to arbitrators may not meet the clear and unmistakable test, where other language in the agreement creates an uncertainty in that regard.

(*Ajamian v. CantorCO2e, L.P.* (2012) 203 Cal.App.4th 771, 792, emphases in original.)

Plaintiff contends the delegation to the arbitrator is not clear and unmistakable because the Arbitration Agreement also states "any lawsuits, claims, or other proceedings arising from or relating to your account or the Agreement, including the enforcement of the Arbitration Agreement and the entry of judgment on any arbitration award, will be venued exclusively in the state or federal courts in the state whose laws govern your account, without regard to conflict of laws principles." (Arbitration Agreement, p. 5.)

The Court agrees this language creates ambiguity in the Arbitration Agreement because the above language states "any lawsuits, claims, or other proceedings" will be venued in court. Moreover, "enforcement of the Arbitration Agreement" cannot be decided both by an arbitrator and the Court. But the Arbitration Agreement provides for both possibilities. (Compare Arbitration Agreement p. 3 [a "dispute" to be resolved by the arbitrator includes "enforcement" of the Arbitration Agreement] with p. 5 [lawsuits, claims, or other proceedings, including "enforcement" of the Arbitration Agreement will be venued exclusively in court].)

Defendants cite to *Mohamed v. Uber Technologies, Inc.* (9th Cir. 2016) 848 F.3d 1201, 1209, for the proposition that a venue provision such as the one in the Arbitration Agreement does not create a conflict. First, while California authority is binding on this Court, federal authority is only persuasive. (See *Flynt v. California Gambling Control Com'n* (2002) 104 Cal.App.4th 1125, 1132.) Further, the language in the Arbitration Agreement here is more ambiguous than that in *Flynt* because the Arbitration Agreement refers to enforcement of the agreement both by the arbitrator and a proceeding venued in court.

In sum, the Court finds the delegation to the arbitrator of the arbitrability question is not clear and unmistakable. Consequently, the Court must decide the issue of arbitrability.

Plaintiff argues not only that the arbitration clause is substantively and procedurally unconscionable, but that it violates California law under *McGill v. Citibank, N.A.* (2017)

2 Cal.5th 945. The *McGill* Court considered the question of whether an arbitration provision is invalid and unenforceable because it waives the right to seek public injunctive relief in any forum. (*Id.* at p. 954.) The Court concluded that "a provision in *any* contract—even a contract that has no arbitration provision—that purports to waive, in all fora, the statutory right to seek public injunctive relief under the UCL, the CLRA, or the false advertising law is invalid and unenforceable under California law." (*Id.* at p. 962, emphasis in original.)

The Arbitration Agreement here has only one exception – the parties may take any dispute to small claims court. (Arbitration Agreement, p. 3.) As Plaintiff argues, however, there is no authorization for bringing a UCL or CLRA claim in small claims court. Consequently, under the terms of the Arbitration Agreement, any claim for public injunctive relief would need to be arbitrated. However, the Arbitration Agreement prohibits any arbitration in the interests of the general public and prohibits any party to the agreement from acting as a private attorney general. (*Ibid.*) Because the Arbitration Agreement requires all claims (other than those available in small claims court) to be arbitrated, and prohibits arbitration on behalf of the general public, it unlawfully requires individuals to waive the right to seek public injunctive relief in violation of California law.

Defendants contend the Arbitration Agreement does not violate *McGill* because the arbitration clause is only "as broad as can be" and does not require arbitration of claims that by law cannot be arbitrated. Defendants correctly assert that all "applicable laws in existence when an agreement is made, which laws the parties are presumed to know and to have had in mind, necessarily enter into the contract and form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated." (*Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 954.)

In this case, however, the Arbitration Agreement expressly states there is "only one exception" – small claims court. In other words, the express language of the Arbitration Agreement, drafted by Defendants, prohibits public injunctive relief in any forum by affirmatively precluding any other exception to arbitration. If the Court were to find under these circumstances, despite the language of the Arbitration Agreement, that the unexpressed intention

of Defendants was to allow claims for public injunctive relief in court and that such a provision should be read into the Arbitration Agreement, it would be hard to conceive of any arbitration agreement that could run afoul of *McGill*. In other words, this Court finds that express limiting language ("only one exception") cannot be read to implicitly include additional exceptions (public injunctive relief).

Defendants argue Plaintiff is not seeking any public injunctive relief because he is seeking relief on behalf of a putative class, not the general public. The Court need not decide this issue because whether or not it is true is irrelevant. The Arbitration Agreement prohibits public injunctive relief and therefore violates the law. The Arbitration Agreement further states: "If any provision related to a class action, class arbitration, private attorney general action, other representative action, joinder, or consolidation is found to be illegal or unenforceable, the entire Arbitration Agreement will be unenforceable." (Arbitration Agreement, p. 3.) Therefore, the Court finds the entire Arbitration Agreement is unenforceable by its own terms. Defendants' motion to compel arbitration is DENIED.

A case management conference is now scheduled on October 12, 2018 at 10:00 a.m. in Department 5. If counsel have a conflict, they should meet and confer and propose a different date. The stay on discovery is lifted with respect to discovery related to class certification issues and the Plaintiffs' individual claims.

Dated: August 7, 2018

Thomas E. Kuhnle
Judge of the Superior Court